UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARSH & MCLENNAN AGENCY, LLC,

                Plaintiff,

-against-

ALLIANT INSURANCE SERVICES, INC.,
JOHNNY OSBORNE, MARGAUX STONE, and
RACHEL MURRAY,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/21/2025

1:24-cv-9914-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

    On April 9, 2025, the Court held a hearing in this matter. As the Court stated on the record at the hearing, Defendants' motion to alter or amend the Preliminary Injunction in this case [ECF No. 35 (the "Motion")], pursuant to Rules 59(e) and 60(b)(4) of the Federal Rules of Civil Procedure, is DENIED in part and GRANTED in part. The motion of Plaintiff Marsh & McLennan Agency, LLC ("MMA") to hold Defendants (except Defendant Margaux Stone) in contempt [ECF No. 41] is DENIED.

    Defendants' Motion is DENIED with respect to their argument that the Court was required to hold a further evidentiary hearing on the motion for a preliminary injunction. The Court held a hearing at which both sides had the opportunity to present evidence and arguments [ECF No. 26]. While Defendants argue that both sides expected the Court to hold a second hearing before issuing the Preliminary Injunction [ECF No. 36 at 2; *see also* ECF No. 30], as explained below, the Court made clear that it intended to hold only one hearing. There is no authority in this Circuit for Defendants' argument that the Court was required to hold a second hearing. *See St. Joseph's Hosp. Health Ctr. v. Am. Anesthesiology of Syracuse, P.C.*, 131 F.4th 102, 108 (2d Cir. 2025).

    As set forth in more detail in the Court's Opinion and Order on the Preliminary Injunction [ECF No. 31 ("Op.")], MMA filed an application for emergency relief seeking both a temporary restraining order and preliminary injunction [ECF Nos. 14–17]. The Court issued an Order scheduling a hearing on

1

"Plaintiff's application for emergency relief" [ECF No. 23]. In advance of that hearing, court staff reached out to the parties via email and invited them to present evidence in support of their positions at the hearing. Defendants stated that they did not intend to present evidence, however. At the hearing, the Court began: "we're here on the motion for a TRO and/or *preliminary injunction*" [ECF No. 26 ("Tr.") at 2:17–18 (emphasis added)]. The substance of the Court's colloquy with the parties at the hearing also made clear that the Court was considering the merits of the request for a preliminary injunction at that hearing. *See* Tr. at 7:25–8:5 (pressing MMA for authority to support "a preliminary injunction" in contrast with a TRO that was "not a reasoned opinion"); *id.* at 30:4–5; *see also id.* at 43:5–7 (noting that it was the Court's "third preliminary injunction [hearing] for the day"). At the end of the hearing, the Court advised the parties that it would issue an order as promptly as possible but needed to "study a little bit more carefully" some of the arguments and authorities. Tr. at 42:23–43:5. Immediately after the hearing, the Court issued a temporary restraining order which made clear that a preliminary injunction would follow. *See* TRO at 1. While the parties may have believed that the Court would hold a second hearing between issuing the TRO and issuing the Preliminary Injunction, for the reasons set forth above, there was no basis for that belief. The Court rejects Defendants' argument that due process required the Court to hold a second hearing.

Defendants' Motion is also DENIED with respect to Defendants' argument that the Court should allow Defendants to continue servicing 38 clients that switched from MMA to Alliant before the Court issued relief. To be sure, the TRO did "not include the 38 clients that MMA represent[ed] ha[d] already ended their relationship with MMA." TRO at 1. In its Opinion and Order on the Preliminary Injunction, the Court acknowledged that it had previously "declined to enjoin Defendants from servicing the 38 clients" in the TRO. *See* Op. at 6. However, after its further study of the relevant authorities, the Court concluded that MMA was entitled to relief with respect to those 38 clients in the Preliminary Injunction. The Court directly addressed Defendants' argument that such relief "would inequitably burden clients

2

who have [already] chosen to transfer their business from MMA to Alliant." Op. at 18. The Court rejected that argument and explained its reasoning. *See id.* ("Clearly, refusing to enforce the non-serving provision would create a major loophole in MMA's ability to protect the interests that [the landmark case on point] recognizes as legitimate.") The Court also stressed that "numerous courts" have issued similar relief. *Id.* Defendants have not pointed to any authority that requires the Court to reverse its conclusion. *See Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

Defendants' Motion is GRANTED with respect to Defendants' argument that the language in the final paragraph of the Preliminary Injunction is overbroad insofar as it states that Alliant is enjoined from soliciting MMA employees. The Court should have specified that the individual defendants are enjoined from soliciting MMA employees, pursuant to the terms of their employment agreements, but Alliant is not so enjoined.

The motion of MMA to hold certain defendants in contempt [ECF No. 41] is DENIED. *See Latino Officers Ass'n City of New York, Inc. v. City of New York*, 558 F.3d 159, 164 (2d Cir. 2009) (quoting *Cal. Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609 (1885)).

The Clerk of Court respectfully is requested to terminate ECF numbers 35 and 41.

**SO ORDERED.**

Date: **April 21, 2025**
      **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**