```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/16/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARSH & McLENNAN AGENCY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANT INSURANCE SERVICES, INC.,<br>JOHNNY OSBORNE, MARGAUX STONE, and<br>RACHEL MURRAY<br><br>Defendants. | Case No.: 1:24-cv-09914-MKV |

**STIPULATION FOR ENTRY OF CONSENT JUDGMENT
AND PERMANENT INJUNCTION ORDER**

Plaintiff Marsh & McLennan Agency, LLC ("MMA") and Defendants Alliant Insurance Services, Inc. ("Alliant"), Johnny Osborne ("Osborne"), Margaux Stone ("Stone"), and Rachel Murray ("Murray"), through their respective undersigned counsel, stipulate and agree as specified below. For purposes of this Stipulation for Entry of Consent Judgment and Permanent Injunction Order (the "Consent Judgment and Permanent Injunction Order"), Defendants Osborne, Stone, and Murray shall be referred to collectively as the "Individual Defendants." The Individual Defendants, together with Alliant, shall be referred to as "Defendants."

1. On December 23, 2024, MMA filed a Complaint against Defendants. MMA pled the following causes of action: Breach of Contract – Client Non-Solicitation (Count I – against Osborne); Breach of the MMA Agreement – Client Non-Servicing (Count II – against Osborne, Stone, and Margaux); Breach of the MMA Agreement – Employee Non-Solicitation (Count III – against Osborne); Breach of MMA Agreement – Confidentiality (Count IV – against Osborne); Trade Secret Misappropriation Under the Defend Trade Secrets Act (Count V – against Osborne

and Alliant); Breach of Fiduciary Duy (Count VI – against Osborne); Aiding and Abetting Breach of Fiduciary Duty (Count VII – against Alliant); Tortious Interference with Contract (Count VIII – against Alliant); Tortious Interference with Contract (Count IX – against Alliant and Osborne); Tortious Interference with Business Relations (Count X – against Alliant and Osborne); Conspiracy (Count XI – against Alliant and Osborne).

2. On January 8, 2025, the Court entered a Temporary Restraining Order (ECF No. 24).

3. On January 27, 2025, the Court entered a Preliminary Injunction enjoining Defendants from "(1) soliciting, accepting, or servicing MMA clients or prospective clients with whom the individual defendants had contact, or about whom they obtained information, because of their employment with MMA during the last two years of such employment; (2) endeavoring to cause MMA employees to depart MMA; (3) using or disclosing the information contained in the 'Osborne Client list,' the 'JVO Master Renewal List,' and any similar confidential information obtained from MMA; and (4) supervising, assisting, or otherwise acting in concert with others to evade the restrictions enumerated above." (ECF No. 31). *The Court thereafter amended the PI to clarify that Alliant was not enjoined from soliciting MMA employees [ECF No. 54].*

4. Without admitting liability, Defendants nevertheless wish to resolve this matter and they hereby consent to entry of judgment in the above-captioned case and entry of the following Consent Judgment and Permanent Injunction Order.

5. This Court has subject-matter and personal jurisdiction over Defendants in this action.

6. The Consent Judgment and Permanent Injunction Order will be entered under Federal Rule of Civil Procedure 65 and will constitute the final judgment in this matter. Defendants waive their right to appeal this judgment.

**CONSENT JUDGMENT AND PERMANENT INJUNCTION ORDER**

**IT IS HEREBY ODERED** as follows, effective from the date of entry of this Order:

7. "Restricted Clients." For purposes of this Order, "Restricted Client" or "Restricted Clients" shall mean all of the clients set forth on the Restricted Clients List, attached as Exhibit C to the Parties' Confidential Settlement Agreement and Mutual Release. The Restricted Clients shall not be deemed to include any clients listed in the Transferred Accounts attached as Exhibit B to the Parties' Confidential Settlement Agreement and Mutual Release.

8. Restrictions Related to the Individual Defendants. The Individual Defendants are hereby enjoined from:

   a. directly or indirectly soliciting Restricted Clients for the purpose of selling or providing consulting services or projects, or selling products, of the type sold or provided by the Individual Defendants while they were employed by MMA;

   b. directly or indirectly inducing Restricted Clients to terminate, cancel, not renew, or not place business with MMA;

   c. directly or indirectly performing or supervising the provision or performance of services or projects or provision of products of the type sold or provided by the Individual Defendants while they were employed by MMA on behalf of any Restricted Clients;

   d. directly or indirectly assisting others to do the acts specified in Paragraphs (a)-(c) above;

   e. engaging in any subterfuge to circumvent these prohibitions, including, but not limited to accompanying others on calls to Restricted Clients, contacting Restricted Clients with other persons, supervising other persons in soliciting or serving Restricted Clients, providing Confidential Information to others to assist them in soliciting or serving Restricted Clients, participating in developing presentations to be made to Restricted Clients, or other similar activities;

   f. directly or indirectly soliciting or endeavoring to cause any employee of MMA with whom the Individual Defendants, during the last two years of their employment with MMA, came into contact for the purpose of soliciting or servicing business, or about whom the Individual Defendants obtained

"Confidential Information," as defined in their MMA Agreements, to leave employment with MMA;

g. disclosing or using for their own purpose, or for the purpose of any other person or entity (including, without limitation, their current employer, Alliant), any of MMA's trade secrets or other Confidential Information (as defined in the MMA Agreements).

9. Alliant will not tortiously interfere with the Individual Defendants' ongoing contractual obligations to MMA and will take appropriate steps to ensure that the Individual Defendants abide by their ongoing contractual obligations to MMA in the course of their employment at Alliant.

10. This Consent Judgment and Permanent Injunction Order replaces and supersedes the existing Preliminary Injunction (ECF No. 31) entered on January 27, 2025, *And amended at ECF 54.* which shall not apply to any activity after the date of this Order.

11. *The parties are free to file a stipulation of dismissal, but this case will be closed upon entry of this Consent Judgment.* The parties have indicated that they have resolved this case on confidential terms and will be filing a stipulation of dismissal after the Court's issuance of this Permanent Injunction Order.

12. The Court hereby releases and orders disbursement of the bond paid by MMA in the amount of $300,000. The parties agree that security is no longer necessary based on the permanent injunction and resolution of this case. The Clerk or Court of the United States District Court for the Southern District of New York is hereby ordered to disburse/return to MMA the bond of $300,000.

13. This Permanent Injunction shall remain in effect until January 8, 2027, after which date this Permanent Injunction Order will expire and be of no further force and effect.

14. This Court retains jurisdiction of this action throughout the term of this injunction for purposes of enforcing compliance with the terms of this Consent Judgment and Permanent

Injunction Order and/or imposing sanctions for any contempt of this Order. MMA shall be entitled to recovery of all reasonable sums and costs, including attorneys' fees, incurred by MMA in the event of a violation of this Consent Judgment and Permanent Injunction Order.

May 16, 2025

SO ORDERED:

                                                MARY KAY VYSKOCIL
                                                United States District Judge

In light of the parties' settlement and this consent judgment, the Clerk of Court respectfully is directed to close this case.

Consent as to entry:

_____
Timothy J. Stephens, Esq.
Michael J. Ableson, Esq.
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000 (phone)
*Counsel for Defendants*

_____
David W. Garland, Esq.
Millie Warner, Esq.
EPSTEIN BECKER & GREEN, P.C.
875 Third Avenue
New York, NY 10022
(212) 351-4752 (phone)
*Counsel for Plaintiff*